**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**JEFFREY A. HOOPS and PATRICIA HOOPS,
Individually and Together as Husband and Wife,
CLEARWATER INVESTMENT HOLDINGS, LLC,**

                **Plaintiffs,**               **Civil Action No. 3:22-cv-00072**

**v.**

**UNITED BANK,**

                **Defendant.**

## ANSWER AND COUNTERCLAIM BY UNITED BANK

Now comes United Bank ("United Bank"), by counsel, and states as follows in support of its Answer to the allegations made in the Complaint ("Complaint") filed by Jeffery Hoops ("Mr. Hoops"), Patricia Hoops ("Mrs. Hoops"), and Clearwater Investment Holdings, LLC ("Clearwater") (collectively "Plaintiffs"), and its Counterclaims against Plaintiffs.

## ANSWER[1]

In response to the numbered paragraphs in the Complaint, United Bank states as follows:

1.      The allegations contained in Paragraph 1 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, United Bank denies that it engaged in any wrongdoing or that Plaintiffs are entitled to the recovery of any damages.

---

[1] United Bank has filed a Motion for Partial Dismissal. To the extent that any part of United Bank's Motion for Partial Dismissal is denied, United Bank will supplement its Answer.

2.      United Bank lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 2 of the Complaint but acknowledges that Mr. and Mrs. Hoops are residents of either West Virginia or Florida.

3.      United Bank admits the allegations contained in Paragraph 3 of the Complaint.

4.      United Bank admits the allegations contained in Paragraph 4 of the Complaint.

5.      United Bank admits the allegations contained in Paragraph 5 of the Complaint.

6.      United Bank denies the allegations contained in Paragraph 6 of the Complaint.

7.      United Bank denies the allegations contained in Paragraph 7 of the Complaint.

8.      United Bank denies the allegations contained in Paragraph 8 of the Complaint.

9.      United Bank admits that Mr. Hoops was the CEO of Blackjewel and is without sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.      United Bank admits the allegations contained in Paragraph 10 of the Complaint.

11.      United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.      United Bank denies that it extended loans to Blackjewel during the time period alleged in Paragraph 12 of the Complaint, but admits the remaining allegations contained in Paragraph 12 of the Complaint.

13.      Upon information and belief, United Bank admits the allegations contained in Paragraph 13 of the Complaint.

14.      United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.     United Bank admits that in entered an intercreditor agreement with Riverstone, but denies that any other party was privy to such intercreditor agreement as alleged in Paragraph 15 of the Complaint and states that the remaining allegations call for a legal conclusion to which no response is required.

16.     Upon information and belief United Bank admits the allegations contained in Paragraph 16 of the Complaint.

17.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     United Bank is without information upon which to either admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     With regards to the allegations contained in Paragraph 19 of the Complaint, United Bank admits that Mr. Mills received a call from Mr. Hoops, but denies that it was on June 26, 2019, or that he was "conference in" to a call with Mr. Pilon as appears to be alleged in Paragraph 19. United Bank denies any remaining allegations contained in Paragraph 19.

20.     With regards to the allegations contained in Paragraph 20 of the Complaint, United Bank admits that Mr. Mills put Mr. Hoops on hold for some period to determine the source of issues related to Blackjewel electronic payments. United Bank denies any remaining allegations contained in Paragraph 20

21.     United Bank denies the allegations contained in Paragraph 21 of the Complaint.

22.     United Bank is unclear as to what Plaintiffs are alleging in Paragraph 22 of the Complaint and is therefore without information upon which to admit or deny these allegations.

23.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     United Bank denies the allegations contained in Paragraph 24 of the Complaint.

25.     United Bank denies the allegations contained in Paragraph 25 of the Complaint.

26.     United Bank denies the allegations contained in Paragraph 26 of the Complaint.

27.     United Bank denies the allegations contained in Paragraph 27 of the Complaint.

28.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     United Bank admits that Blackjewel submitted a proposed DIP Loan to the United States Bankruptcy Court for the Southern District of West Virginia in which it represented that it had reached an agreement for a loan from Clearwater but is without sufficient information upon which to admit or deny the allegations as made in Paragraph 29 of the Complaint.

30.     United Bank denies the allegations contained in Paragraph 30 of the Complaint.

31.     United Bank denies the allegations contained in Paragraph 31 of the Complaint.

32.     United Bank is without sufficient information upon which to either admit or deny any claims regarding Mr. Hoops continued efforts to obtain financing and denies the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.     United Bank admits that it sent a notice of default and exclusive control to Clearwater and denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     United Bank denies the allegations contained in Paragraph 34 of the Complaint.

35.     United Bank denies the allegations contained in Paragraph 35 of the Complaint.

36.     To the extent that the allegations in Paragraph 36 of the Complaint are predicated on the allegations contained in Paragraph 35, denied.

37.     United Bank denies the allegations contained in Paragraph 37 of the Complaint.

38.     United Bank admits that Mr. Hoops resigned from his position at Blackjewel, but denies the remainder of the allegations contained in Paragraph 38 of the Complaint.

39.     United Bank admits that Blackjewel has ceased to exist and that all of its assets were transferred to the Blackjewel Liquidation Trust, but denies the remainder of the allegations contained in Paragraph 39, including any allegations that any problems suffered by Blackjewel were the result of any actions by United Bank.

40.     United Bank is without sufficient information upon which to admit or deny that Mr. Hoops is unemployed and denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42.     United Bank denies the allegations contained in Paragraph 42 of the Complaint.

43.     United Bank has moved to dismiss Counts 1-6 of the Complaint and therefore need not respond to the allegations in Paragraphs 43-81 of the Complaint.

44.     United Bank admits that Mrs. Hoops had accounts with United Bank as alleged in Paragraph 82 of the Complaint.

45.     The allegations in Paragraph 83 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required United Bank denies the allegations contained in Paragraph 83 of the Complaint.

46.     United Bank denies the allegations contained in Paragraph 84 of the Complaint.

47.     United Bank denies the allegations contained in Paragraph 85 of the Complaint.

48.     United Bank denies the allegations contained in Paragraph 86 of the Complaint.

49.     United Bank denies the allegations contained in Paragraph 87 of the Complaint.

50.     United Bank denies the allegations contained in Paragraph 88 of the Complaint.

51.     United Bank admits the allegations contained in Paragraph 89 of the Complaint.

52.     The allegations in Paragraph 90 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required United Bank denies the allegations contained in Paragraph 90 of the Complaint.

53.     The allegations in Paragraph 91 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required United Bank denies the allegations contained in Paragraph 92 of the Complaint.

54.     The allegations in Paragraph 93 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required United Bank denies the allegations contained in Paragraph 93 of the Complaint.

55.     United Bank denies the allegations contained in Paragraph 94 of the Complaint.

56.     United Bank denies the allegations contained in Paragraph 95 of the Complaint.

57.     United Bank denies the allegations contained in Paragraph 96 of the Complaint.

58.     United Bank denies the allegations contained in Paragraph 97 of the Complaint.

59.     United Bank denies the allegations contained in Paragraph 98 of the Complaint.

60.     United Bank denies the allegations contained in Paragraph 99 of the Complaint.

61.     United Bank denies the allegations contained in Paragraph 100 of the Complaint.

62.     The allegations in Paragraph 101 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required United Bank denies the allegations contained in Paragraph 101 of the Complaint.

63.     United Bank admits that various agreements were entered into by Plaintiffs, including those cited to in Paragraph 102 of the Complaint, but denies that Paragraph 102 lists all

those agreements.  For example, Plaintiffs signed a Control Agreement that specifically authorized United Bank the right to exercise control over Clearwater's accounts.

64.     United Bank admits that Mrs. Hoops had accounts with United Bank but is unclear what Plaintiffs mean by the remaining allegations contained in Paragraph 103 of the Complaint and therefore deny the same.

65.     United Bank admits that Mrs. Hoops had accounts with United Bank and that these accounts created contractual relationships. While United Bank admits that Mrs. Hoops signed a guaranty agreement related to Clearwater's Loan Agreement, United Bank denies that this made her a party to the Clearwater Loan Agreement to the extent that this is alleged or insinuated in Paragraph 104 of the Complaint.

66.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 105 of the Complaint.

67.     United Bank denies that it breached any contract and therefore denies the allegations in Paragraph 106 of the Complaint.

68.     United Bank denies the allegations contained in Paragraph 107 of the Complaint.

69.     United Bank denies the allegations contained in Paragraph 108 of the Complaint.

70.     United Bank denies the allegations contained in Paragraph 109 of the Complaint.

71.     United Bank denies the allegations contained in Paragraph 110 of the Complaint.

72.     United Bank has moved to dismiss Counts 11-13 of the Complaint and therefore need not respond to the allegations in Paragraphs 111-132 of the Complaint.

73.     United Bank admits that Mr. Hoops was CEO of Blackjewel, but is without sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 133of the Complaint.

74.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 134 of the Complaint.

75.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 135 of the Complaint.

76.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 136 of the Complaint.

77.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 137 of the Complaint.

78.     United Bank denies the allegations contained in Paragraph 138 of the Complaint.

79.     United Bank denies the allegations contained in Paragraph 139 of the Complaint.

80.     United Bank denies the allegations contained in Paragraph 140 of the Complaint.

81.     United Bank is without sufficient information upon which to admit or deny the allegations contained in Paragraph 141 of the Complaint.

82.     United Bank is unclear as to the allegations contained in Paragraph 142 of the Complaint, insofar as it appears to have a typographical error.  However, United Bank denies that it engaged in any wrongful conduct or was the cause of any damages allegedly suffered by Mr. Hoops, to the extent that this is alleged in Paragraph 142 of the Complaint.

83.     United Bank denies the allegations contained in Paragraph 143 of the Complaint.

84.     United Bank has moved to dismiss Counts 15 of the Complaint and therefore need not respond to the allegations in Paragraphs 144-153 of the Complaint; furthermore, United Bank denies any allegations not specifically addressed above or as part of United Bank's Motion for Partial Dismissal and denies that Plaintiffs are entitled to any relief from United Bank.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims against United Bank fail because United Bank is not the proximate or actual cause of any damages Plaintiff claims to have suffered.

## FOURTH DEFENSE

United Bank reserves the right to assert any defense authorized under West Virginia or federal law as may be revealed during further proceedings.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, by the doctrines of setoff and/or recoupment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, because Plaintiffs failed to properly mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, because of Plaintiffs' contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, because of the doctrines of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against United Bank are or may be barred, in whole or in part, because of the doctrines of payment and release.

Finally, United Bank presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. United Bank hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## UNITED BANK'S COUNTERCLAIM

United Bank, by counsel, for its Counterclaim against Clearwater, Mr. Hoops, and Mrs. Hoops,[2] alleges and states as follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiffs originally instituted this action on December 30, 2021. Plaintiffs' Complaint is incorporated by reference, subject to all responses and defenses contained in United Bank's Answer.

2.      United Bank repeats all its answers, responses, and affirmative defenses in its Answer to Plaintiffs' Complaint.

3.      Upon information and belief, Clearwater is a Delaware limited liability company with its principal place of business in West Virginia.

4.      Upon information and belief, Mr. Hoops and Mrs. Hoops are residents of either West Virginia or Florida.

4.      United Bank is a resident of the Commonwealth of Virginia.

---

[2] For consistency, Clearwater, Mr. Hoops, and Mrs. Hoops are still collectively referred to as "Plaintiffs."

5.      This Court has subject matter jurisdiction over this counterclaim because it arises from the obligations created by contracts and agreements between United Bank and Plaintiffs, which are specifically at issue in the original claims brought by Plaintiffs.

## Background Facts

6.      Mr. Hoops was a longtime United Bank customer.

7.      Mr. Hoops' relationship with United Bank resulted in the establishment of various accounts at United Bank for himself, his family members and various businesses owned in whole or in part by the Hoops family, including, Revelation Energy, LLC ("Revelation"), Blackjewel, LLC ("Blackjewel"), and Clearwater.

8.      Mr. Hoops was an authorized signer on most, if not all, of these accounts.

9.      Mr. Hoops, Mrs. Hoops, Revelation, Blackjewel, and Clearwater borrowed significant amounts of money from United Bank.

10.     In February 2013, United Bank entered an agreement with Revelation and others for an $11 million revolving line of credit ("Blackjewel Loan Agreement").

11.     In May 2013, United Bank also entered an approximately $8.7 million term loan with Revelation.

12.     In July 2017, Blackjewel became a co-borrower and agreed to be bound by these two loan agreements.

13.     In January 2019, Clearwater opened an investment management account at the bank with $2.3 million ("Clearwater IMA").

14.     In April 2019, Clearwater obtained an $11 million line of credit ("Clearwater Loan Agreement"). *See* **Exhibit 1**. The entire Clearwater Loan Agreement includes the Clearwater Loan Agreement, as well as a Promissory Note, Control Agreement, and Guaranty. **Ex. 1** at 3, 19 §

13(c); Commercial Guaranty, attached as **Exhibit 2**; Commercial Promissory Note, attached as **Exhibit 3**; Control Agreement, attached as **Exhibit 4**; Clearwater Investment Holdings, LLC Resolution, attached as **Exhibit 5**.

15.     The loan to Clearwater was secured by (a) the Clearwater IMA, which contained roughly $25 million as of July 1, 2019, **Ex. 1** at 1, in accordance with the terms of the Control Agreement, and (b) the Guaranty.

16.     Mr. Hoops and Mrs. Hoops both personally guaranteed the Clearwater Loan Agreement, representing to United Bank that they had "the power and authority to enter into" the agreement and were both "members of [Clearwater]." *See* **Ex. 1** at 4 § 2(b), 22; **Ex. 2** at 4, 8.

17.     The Control Agreement was among Clearwater as borrower, United Bank as lender, and United Bank as intermediary and manager of the Clearwater IMA. It provided:

> (a)     **Notice of Sole Control**.     If *at any time* Lender delivers to Intermediary a notice instructing Intermediary to terminate Borrower's access to the Account (the "Notice of Sole Control"), Intermediary agrees that, after receipt of such notice it will take all instruction with respect to the Account or any funds therein, and cease taking instructions from Borrower, including, without limitation, instructions for distribution or transfer of any funds in the Account.

**Ex. 4** at 2 § 4(a) (emphasis added); *see also id.* at 4 § 7 (stating that Control Agreement prevails when in conflict with any other agreement, including the Clearwater Loan Agreement).

18.     In other words, United Bank could exercise control over the Clearwater IMA "at any time" in its discretion pursuant to the terms the Control Agreement. **Id.**

19.     The Clearwater Loan Agreement included "Affirmative Loan Covenants" that created obligations for Clearwater as "Borrower" and Mr. Hoops and Mrs. Hoops as "Guarantors." **Ex. 1** at 12 § 5 (stating that "Borrower and Guarantors shall" perform various actions.)

20.     More specifically, Plaintiffs were obligated to

[D]efend, indemnify, exonerate and save harmless [United Bank] . . . from and against any and all claims, expense, damage, loss or liability incurred by [United Bank], including without limitation, reasonable attorneys' and experts' fees and disbursements . . . arising from or out of: (i) any liability for damage to person or property arising out of any violation of this Agreement or any of the Loan Documents;

**Id**. at 13 § 5(i)(i).

21.     On June 1, 2020, various Debtors, including Blackjewel, brought a complaint against United Bank.  *See*, Adv. Proc. No. 3:20-ap-03007 at ECF No. 1, currently pending in the United States Bankruptcy for the Southern District of West Virginia (hereinafter "the Adversary Proceeding").[3]

22.     In the Adversary Proceeding, Debtors allege that United Bank tortiously interfered with their attempts to obtain financing.  *Id*.

23.     Debtors allege that on the eve of filing for bankruptcy protection, they sought $9 million in further financing from Clearwater that would have supposedly enabled them to continue operating and satisfy basic financial obligations, such as $6 million in payroll expenses that they could not otherwise afford to honor. *Id*. ¶¶ 8-11.

24.     Debtors allege that Clearwater intended to provide the $9 million loan out of "funds on deposit at United Bank." *Id*. ¶ 12.

25.     When informed of the dire financial difficulties experienced by Debtors, United Bank exercised its contractual rights to secure collateral underlying a loan to Clearwater. *See id*. ¶ 12.

---

[3] Debtors in the Adversary Proceeding are as follows: Blackjewel, L.L.C; Blackjewel Holdings L.L.C.; Revelation Energy Holdings, LLC; Revelation Management Corporation; Revelation Energy, LLC; Dominion Coal Corporation; Harold Keene Coal Co. LLC; Vansant Coal Corporation; Lone Mountain Processing, LLC; Powell Mountain Energy, LLC; and Cumberland River Coal LLC.

26.    United Bank did not want its collateral to be available for use by Clearwater or Debtors until Debtors' outstanding debts to United Bank were satisfied, or defaults related to those debts were cured, by Hoops, Clearwater, or another non-Debtor. *Id.* ¶¶ 12, 15-16.

28.    Debtors allege summarily that "United Bank did not have the right to freeze the Clearwater accounts" and other accounts *Id.*, ¶ 17.

29.    According to Debtors, United Bank's exercise of control over Clearwater's accounts precluding Debtors from being able to consummate financing and that Debtors "were forced to send Debtors' employees home from work and to suspend business operations," and forced to allegedly incur millions of dollars in liabilities under both the Worker Adjustment and Retraining Notification Act ("WARN Act") and the Fair Labor Standards Act ("FLSA"). *Id.* ¶¶ 14, 28-30.

30.    Debtors also contend that this action by United Bank resulted in "millions of dollars of lost revenue and lost profits" resulted "from being forced to shut down their mining operations." *Id.* ¶ 30.

31.    In other words, Debtors claim that United Bank violated the Clearwater Loan Agreement and that this caused them to suffer "millions of dollars" in damages to their persons and properties.

**Count 1 – Declaratory Judgment**

32.    United Bank repeats and restates all the foregoing defenses and allegations herein as if repeated verbatim.

33.    Pursuant to Fed. R. Civ. P. 57 and 28 U.S. Code § 2201(a), this Court is authorized to enter a declaration setting forth the rights and other legal relations of the Parties.  Any such declaration is equivalent to a final judgment or decree and shall be treated as such.

34.     Debtors claim that United Bank violated the Clearwater Loan Agreement and that this proximately caused them to suffer "millions of dollars" in damages to their persons and properties.

35.     While United Bank disputes any claim by Debtors that United Bank violated the Clearwater Loan Agreement, the Clearwater Loan Agreement clearly require Clearwater, as Borrower, and Mr. and Mrs. Hoops, as Guarantors, to indemnify and hold harmless United Bank against Debtors' claims.  *See* Ex. 1 at 13 § 5(i)(i).

36.     Moreover, as drafted, this indemnification provision requires Plaintiffs to indemnify and hold harmless United Bank against any claims that Plaintiffs have made in their Complaint that are in any way related to allegations that United Bank violated the Clearwater Loan Agreement.

**WHEREFORE,** United Bank respectfully prays that this Court grant it judgment against Clearwater, Mr. Hoops, and Mrs. Hoops for any damages suffered by United Bank in both the Adversary Proceeding and with respect to any allegations made in this case that are related to any purported violations of the Clearwater Loan Agreement, together with the amount of all costs and legal fees incurred by United Bank in the defense of the Adversary Proceeding and this civil action, including all fees and costs expended in the prosecution of this crossclaim, and for such other and further relief as this Court deems just and proper.

**UNITED BANK**,
by Counsel,

/s/ Peter J. Raupp
Ancil G. Ramey (WVSB # 3013)
Joseph G. Bunn (WVSB #11319)
Peter J. Raupp (WVSB #10546)
C. Haley Bunn (WVSB #11313)
Chase Tower, 17th Floor
Post Office Box 1588
Charleston, West Virginia 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 353-8180
Ancil.Ramey@Steptoe-Johnson.com
Joe.Bunn@Steptoe-Johnson.com
Peter.Raupp@Steptoe-Johnson.com
Haley.Bunn@Steptoe-Johnson.com

**STEPTOE & JOHNSON PLLC**
**OF COUNSEL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**JEFFREY A. HOOPS and PATRICIA HOOPS,
Individually and Together as Husband and Wife,
CLEARWATER INVESTMENT HOLDINGS, LLC,**

                **Plaintiffs,**                    **Civil Action No. 3:22-cv-00072**

**v.**

**UNITED BANK,**

                **Defendant.**


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that **"United Bank's Answer and Counterclaim"** was

filed and served upon counsel via the court's filing system on the 2nd day of March 2022.


                                  */s/* Peter J. Raupp