IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JEFFREY A. HOOPS and PATRICIA HOOPS,
Individually and together as Husband and Wife,

        Plaintiffs,

v.                                   CIVIL ACTION NO.  3:22-0072

UNITED BANK,

        Defendant/Counter Claimant,

v.

CLEARWATER INVESTMENT HOLDINGS, LLC and
JEFFREY A. HOOPS and PATRICIA HOOPS,
Individually and together as Husband and Wife,

        Counter Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Continue Trial and Extend Pre-trial Deadlines. ECF No. 46. The Motion is **GRANTED**, in part, and **DENIED**, in part.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "a schedule may be modified only for good cause and with the court's consent." Fed. R. Civ. P. 16(b)(4). The touchstone of "good cause" under Rule 16(b) is the diligence of the party seeking amendment. *Marcum v. Zimmer,* 163 F.R.D. 250, 255 (S.D.W. Va. 1995).

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion,

>the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Id.* at 254 (*quoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). In his Motion, Plaintiffs' counsel, Mr. Robertson, notes that additional litigation concerning Mr. Hoops and Clearwater has been filed in other jurisdictions, resulting in extensive discovery governed by protective orders. Mot. at 1-3. He represents that, because of the sheer amount of discoverable information and the difficulties in obtaining them, he is unable to meet many of the surrounding discovery deadlines. *Id*. He also cites a trial that was completed in this Court last week as a reason for seeking extension. *Id*.

First, the Court notes that it imposed deadlines that were nearly identical to the parties' proposed deadlines. *See* ECF Nos. 10, 14. Additionally, as Defendant points out, Mr. Hoops and Clearwater are parties in the other pending cases referenced by Plaintiffs (one of which was filed 18 months before this Complaint). *See* Def.'s Resp. at 4, ECF No. 49. Thus, Plaintiffs were aware of the complexity of this case and could have ensured access to the relevant records (or easily requested the same from their own counsel in the previously filed case) before they filed the instant Complaint. Moreover, given that Plaintiffs are presumably the source of many of the records in the *Trust v. Hoops* case, there is no reason why they could not produce many of the exact same records in this case simply because they marked the records as confidential for production purposes. Further, Plaintiffs were deposed in the *Trust v. United Bank* case, and Mr. Robertson attended those depositions. *See* Ex. B, ECF No. 49-2. While the Court appreciates that discovery may have been more wide-ranging than expected, Plaintiffs' counsel is familiar with the underlying facts and circumstances and likely knew the complex nature of this case.

Regarding the conflicting criminal trial date that Plaintiffs' counsel cited, the same was not set until over four months after Plaintiffs filed the Complaint and a month after the Scheduling

Order. The trial was completed August 12, 2022 - twelve days before Plaintiffs' expert disclosure deadline. Plaintiffs' counsel knew that this case would require expert testimony and should have scheduled accordingly, given that it has been more than seven months since the filing of the Complaint. However, the Court appreciates that some of the difficulties discussed by Plaintiffs were unanticipated and that the case is complex. Thus, the Court finds that the best course is to permit limited modification of the scheduling order. Therefore, the Court **ORDERS**:

1. Discovery: The parties shall complete all discovery requests by **October 14, 2022,** and all depositions by **November 28, 2022.** The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by *Fed. R. Civ. P.* 26(a)(1) and (2), but not disclosures required by *Fed. R. Civ. P.* 26(a)(3), should be completed. Pursuant to *L.R.* 26.1(c), the Court adopts and approves agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

2. Expert Witnesses: The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **September 29, 2022**. The party not bearing the burden of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 28, 2022**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **November 14, 2022**.

3. Dispositive Motions: All dispositive motions, except those filed under *Fed. R. Civ. P.* 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **December 19, 2022**. Any response shall

be filed within 14 days of the filing of the motion, with replies due within 7 days of the filing of the response. If not filed electronically, a copy of any motion, supporting memorandum, response, and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion, supporting memorandum, response, or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing. The Court does not anticipate granting a continuance on the dispositive motion deadline or extensions for the response and reply deadlines.

4. <u>Settlement Meeting and *Fed. R. Civ. P.* 26(a)(3) Disclosures</u>: No later than **January 3, 2023**, counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the plaintiffs shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all *Fed. R. Civ. P.* 26(a)(3) disclosures at the settlement meeting.

All deadlines regarding the pretrial order, pretrial conference, proposed jury charges, final settlement conference, and trial will stand as set out in the previous Scheduling Order. ECF No. 13.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                                          ENTER:     August 17, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE